(No. 3590—

BERTHA COLLINS, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed June 10, 1941.*

JOSEPH SAM PERRY, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Damages of $1,000.00 are sought by claimant Bertha Collins for injuries alleged to have been received by her while walking along a plank sidewalk at the east end of Lake Zurich near the village of Lake Zurich in Lake County, Illinois. Claimant contends that the seawall along the edge of the lake and the board sidewalk adjoining same were under the control of the State of Illinois, and are held out to the public as a recreational place; further, that respondent permitted the sills beneath the sidewalk to become rotten and decayed and the boards loosened, so that when claimant stepped on a certain plank it crashed through and she was thrown forward and struck by the rear end of the plank injuring her leg and knee, causing her to pay out medical bills of $54.80 and preventing her for a period of time from following her regular occupation as clerk and typist. In her complaint she further states that the bad condition of the sidewalk was not recognizable on the surface, and that claimant could not have known of such decayed and dangerous condition before the accident actually occurred.

The Attorney General has filed a motion to dismiss the claim as predicated on alleged liability of respondent for negligence and wrongful acts of its agents or employees, for which as a sovereign commonwealth, respondent could not be held liable. While claims of this character are not uncommon, our records are replete with decisions holding that—

"The State, in the exercise of a governmental function, is not liable for injuries to persons resulting from the alleged negligence of its officers, agents

or employees, in the absence of a statute making it liable therefor." (*Minear* vs. *State Board of Agr.*, 259 Ill. 549; *Barica, Admx. etc.* vs. *State,* 10 C. C. R. 47).

In the case of *Kramer* vs. *State,* 8 C. C. R. 31, claimant sought to recover damages suffered in a fall on State-owned property, upon the theory that it was the duty of the State to maintain and keep the floor in question in proper and safe condition; and that even though the State were not liable for the negligence of its servants and agents, nevertheless an award should be made as an act of social justice and equity.

The court there said:

"It is a well established principal of law in the courts of this and other States that the State is not liable for the negligence of its officers, servants or agents in the performance of governmental functions; neither can this court allow an award as a matter of social justice and equity in any case where the State would not be liable at law or in equity if the State were suable."

The latter proposition is considered at length in the case of *Crabtree* vs. *State,* 7 C. C. R. 207.

The Attorney General in his brief has reviewed a number of similar cases, but further space will not be taken in referring thereto.

The motion of respondent to dismiss is allowed and the claim dismissed.